**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: J.L.W., A MINOR | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: J.L.W., A MINOR | : : : : : : : | |
| | : | No. 103 MDA 2022 |

Appeal from the Dispositional Order Entered November 29, 2021
In the Court of Common Pleas of York County
Juvenile Division at No:  CP-67-JV-0000456-2020

BEFORE:   STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED SEPTEMBER 23, 2022**

Appellant, J.L.W., a minor, appeals from the November 29, 2021 order entered in the Court of Common Pleas of York County (Juvenile Division), adjudicating Appellant delinquent and placing him on formal probation after finding that Appellant committed delinquent acts of involuntary deviate sexual intercourse ("IDSI"), sexual assault, and indecent assault.[1]   Appellant contends that the inconsistencies in the victim's testimony rendered the evidence insufficient to support the court's findings of fact, and that those findings of fact were against the weight of the evidence.  Following review, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3123(a)(1), 3124.1, and 3126(a)(1), respectively.

On July 26, 2021, the court conducted a denial hearing at which the Commonwealth presented testimony from the complainant, T.D., three of T.D.'s friends, and a forensic nurse examiner. Stipulations regarding forensic analyses were entered into the record. In addition, Appellant testified on his own behalf. At the conclusion of the proceeding, the court announced:

> In essence, this case boils down to credibility.
>
> The victim in this matter, T.D., indicated the sexual assault occurred . . . inside a bathroom at the Emigsville Park in which J.L.W. had forced her mouth open to perform oral sex.[2] There was also an attempt by J.L.W. to have vaginal intercourse with her as well. J.L.W. took the stand. He in essence corroborated the incident. However, he denied that it was not consensual at any point. He stated that the two went in the bathroom together with the purpose of having a sexual encounter, and as soon as T.D. indicated that she no longer wanted to, she got up and left. Therefore, this really rests on who the court finds more credible.
>
> The court does find T.D.'s statements to be credible. We conclude that there is no motive for her to fabricate the incident in question. As a result, we will find that the Commonwealth has established the offenses beyond a reasonable doubt. We are going to defer . . . disposition pending the completion of a case assessment as well as a psychosexual evaluation.

Notes of Testimony, 7/26/21, at 125-26 (brackets omitted).

By order dated November 22, 2021 and entered on November 29, 2021, Appellant was adjudicated delinquent and placed on formal probation. Following denial of Appellant's post-disposition motion, Appellant filed the instant appeal. Both Appellant and the court complied with Pa.R.A.P. 1925.

_____

2 The events in question occurred on October 9, 2019, at which time T.D. was fifteen years old and Appellant, J.L.W., was thirteen years old.

Appellant asks us to consider two issues, which we have reordered for ease of discussion:

I.      Whether the evidence presented was insufficient to support the findings of fact by the trial court in that the victim's testimony was inconsistent with prior statements?

II.     Whether the findings of fact by the trial court were against the greater weight of the evidence in that the victim's testimony was inconsistent with prior statements?

Appellant's Brief at 4.

In his first issue, Appellant argues that the evidence was insufficient to support the trial court's findings of fact with respect to each of the crimes with which he was charged. As this Court reiterated in *Interest of D.J.B.*, 230 A.3d 379 (Pa. Super. 2020):

In evaluating a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, our standard of review is as follows:

When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof beyond a reasonable doubt. When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth.

In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth, and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence.

> The facts and circumstances established by the Commonwealth need not be absolutely incompatible with a defendant's innocence. Questions of doubt are for the hearing judge, unless the evidence is so weak that, as a matter of law, no probability of fact can be drawn from the combined circumstances established by the Commonwealth.

*In re A.V.*, 48 A.3d 1251, 1252-1253 (Pa. Super. 2012) (citation omitted).

> As an appellate court, we must review the entire record . . . and all evidence actually received[.] [T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary.

*In re C.R.*, 113 A.3d 328, 333-334 (Pa. Super. 2015) (citations and quotations marks omitted).

*D.J.B.*, 230 A.3d at 386-87.

Again, Appellant was charged with IDSI, sexual assault, and indecent assault. With regard to IDSI, "[a] person commits a felony of the first degree when the person engages in deviate sexual intercourse with a complainant . . . by forcible compulsion[.]" 18 Pa.C.S.A. § 3123(a)(1). In accordance with Section 3124.1 (Sexual assault), "Except as provided in section [] 3123 (relating to [IDSI]), a person commits a felony of the second degree when that person engages in sexual intercourse or [IDSI] without the complainant's consent." 18 Pa.C.S.A. § 3124.1. Finally, "[a] juvenile may be adjudicated delinquent of indecent assault if he 'has indecent contact with the complainant [or] causes the complainant to have indecent contact' with the juvenile, and

the juvenile 'does so without the complainant's consent[.]'" ***D.J.B.***, 230 A.3d at 387 (quoting 18 Pa.C.S.A. § 3126(a)(1)).

Here, the trial court considered whether the Commonwealth established the elements of each charged crime beyond a reasonable doubt and concluded:

> First, . . . the Commonwealth has established beyond a reasonable doubt that [Appellant] engaged in deviate sexual intercourse with the victim by forcible compulsion. 18 Pa.C.S.A. § 3123(a)(1). The victim testified that "[Appellant] kept trying to push my head down, and then eventually he kicked the back of my legs so I would fall." (Den. Hr'g Tr. 14). The victim further testified that "[Appellant] grabbed my face . . . so my jaw would open . . . then he put his fingers in my mouth so it opened . . . [thereafter] he put his penis in my mouth." ***Id.*** at 15. Finding the victim credible, the Commonwealth has met its burden.
>
> Second, the Commonwealth established beyond a reasonable doubt that [Appellant] engaged in sexual intercourse with the victim without her consent. 18 Pa.C.S.A. § 3124.1. The victim testified that [Appellant] forcibly put his penis inside her mouth, and she further testified that "he grabbed me by my pants and pulled me back by them, pulled them down, pinched the back of my neck, and then bent me over." (Den. Hr'g Tr. 16). As a result, the victim testified that [Appellant] "tried to put it in" which was referencing the juvenile's attempt to insert his penis into the victim's vagina. ***Id.*** at 17. Lastly, we find the Commonwealth established beyond a reasonable doubt that [Appellant] had indecent contact with the victim and did so without the victim's consent. 18 Pa.C.S.A. § 3126(a)(1). When the victim was asked by the Commonwealth whether "[a]ny contact that happened between you and [Appellant] in the bathroom, was that voluntary," the victim replied "No." (Den. Hr'g Tr. 42). When further asked "[d]id you consent to any of it?" the victim again stated "No." ***Id.***

Memorandum Opinion, 1/28/22, at 5-6.

The court reiterated that it found the victim's testimony credible and concluded that the victim lacked any motive for fabricating the incident. Consequently, the court held that the evidence was sufficient to find every element of the crimes charged beyond a reasonable doubt. *Id.* at 6. The court considered, but rejected, Appellant's assertions that the lack of DNA or other physical evidence required a different result. *Id.* at 3. The court further considered, but rejected, Appellant's contentions that the victim's testimony was inconsistent and contradictory because (1) her testimony that she did not immediately leave the park was inconsistent with someone who had been sexually assaulted, (2) the written statements provided by her three friends did not include all the details to which the victim testified, and (3) the forensic nurse's examination did not reveal injuries consistent with the victim's version of events. *Id.* at 3. However, as the record reflects, the victim explained why she did not immediately leave the park (she sprinted up a hill to the top of the park and waited to see if Appellant came out of the bathroom) (Den. Hr'g Tr. 19-20). With respect to her friends' accounts of the incident, she stated that they were understandably less detailed because "[i]t didn't happen to them. They're not going to remember every single detail I told them." (Den. Hr'g Tr. 37). Further, the forensic nurse's account of what the victim reported the day after the incident did include details of an attempted vaginal assault and she did note bruising on the victim's knees and redness on the back of the

victim's neck, consistent with the victim's version of event. (Den. Hr'g Tr. 51, 59).

As the trial court stated, "[T]his case boils down to credibility." Memorandum Opinion, 1/28/22, at 3. We agree. Having applied the relevant standards of review as set forth above, viewing the evidence in the light most favorable to the Commonwealth, and drawing all reasonable inferences therefrom, we conclude that the evidence was sufficient to find every element of the three crimes charged, as trial court's analysis demonstrates. Appellant's sufficiency challenge fails.

In his second issue, Appellant makes essentially the same "inconsistency of statements made by the victim" argument in support of his assertion that the court's findings were against the weight of the evidence.[3] As this Court explained in *In re A.G.C.*, 142 A.3d 102 (Pa. Super. 2016):

> "A weight of the evidence claim concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the grounds that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice." *In re J.B.*, 630 Pa. 124, 106 A.3d 76, 95 (2014) (citation omitted). Thus, we may reverse the juvenile court's adjudication of delinquency only if it is so contrary to the evidence as to shock one's sense of justice. *In re J.M.,* 89 A.3d 688, 692 (Pa. Super. 2014), *appeal denied,* 628 Pa. 623, 102 A.3d 986 (2014) (citation omitted). Moreover, where the juvenile court has ruled on the weight claim below, an appellate court's role is

---

[3] Appellant properly preserved his weight of the evidence claim by raising it in his post-disposition motion. **See** Pa.R.J.C.P. 415(A)(3) ("a claim that a ruling on the offense or an adjudication of delinquency was against the weight of the evidence shall be raised with the juvenile court judge . . . in a post-dispositional motion pursuant to Rule 620(A)(1).").

not to consider the underlying question of whether the verdict is against weight of the evidence. *Id.* Rather, this Court is limited to a consideration of whether the juvenile court palpably abused its discretion in ruling on the weight claim. *Id.* Hence, a juvenile court's denial of a weight claim is the least assailable of its rulings, as conflicts in the evidence and contradictions in the testimony of any witnesses are for the fact finder to resolve. *Id.*

*Id.* at 109.

In the instant case, the trial court found the victim's testimony to be credible and in support of that finding stated the following:

The court, in evaluating the evidence, found the victim to be credible, passed upon Appellant's account of the facts, and resolved the conflicts in testimony, determining that the offenses charged were supported by the weight of the evidence and proven beyond a reasonable doubt.

Overall, the court reaffirms these findings, specifically that the victim in this matter appeared to be credible. We do note that there were inconsistencies in her testimony. However, they were not sufficient as to cause doubt by the court.

Memorandum Opinion, 1/28/22, at 7-8.

As was the case in *A.G.C.*, Appellant here asks this Court to reweigh the evidence and reevaluate the trial court's credibility determinations, "a task that is beyond the scope of our review." *In re A.G.C.*, 142 A.3d at 109. Based on our review of the record, we conclude that the adjudication of delinquency is not so contrary to the evidence as to shock one's conscience. Finding no palpable abuse of discretion in the juvenile court's ruling on the weight claim, we shall not disturb it.

Dispositional order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/23/2022